WENTWORTH, Senior Judge.
This is an appeal of a December 23, 1993, workers’ compensation order granting a claim for temporary disability compensation benefits and finding maximum medical improvement on August 23, 1993. We reverse 1) as to periods of benefits not covered by the claim, 2) as to a premature determination of wage loss entitlement, and 3) as to a permanent impairment rating in apparent excess of that substantiated by the record.
On the first two stated issues the appellee agrees, in effect, that the provisions in question should be deleted from the order. We accordingly strike therefrom paragraphs one, three, and four of the decretal portion of the order,[1] and, from the Conclusions of Law, *1101 paragraphs one, three, and the final sentence of paragraph four.[2]
As to issue (3) above, the absence of a justiciable claim for permanent benefits would indicate prematurity of any determination of a permanent impairment rating.[3] We accordingly strike the second sentence of paragraph four of the Conclusions.[4] The parties do not question the MMI date, supra, some four months before the date of the order, a date properly indicating termination of temporary benefits.
As amended by the foregoing deletions, the order is otherwise affirmed.
ERVIN and BENTON, JJ., concur.

. "1. The employer/carrier shall pay temporary total disability from 6/26/92 through 9/2/92, offset by any unemployment compensation received by the claimant.
3. The employer/carrier shall pay temporary total disability from 12/22/92 through 8/23/93 offset by any unemployment compensation received by the claimant
*1101 4. The employer/carrier shall pay two years of wage loss benefits to the claimant.”

."1. I find that the Claimant lost his job at Avanti Press on 6/25/92 and began to work at Graphic Productions on September 3, 1992. During the interim period of 6/26/92 through 9/2/92, I find that the Claimant was entitled to receive Temporary Total Disability benefits. I base this finding on F.S. § 440.15(2) as the claimant was unable to work as a result of the injuries he sustained on 2/28/92 while employed with Avanti Press. I further find that the Claimant's entitlement to T.T.D. will be offset by any unemployment compensation he received.
3.I find that there was competent and substantial evidence to hold that the claimant was entitled to receive Temporary Total Disability benefits pursuant to F.S. § 440.15(2) as he was unable to work as a result of his industrial accident from 12/22/93, the date he left Graphic Products, through 8/23/93. Entitlement to Temporary Total Disability benefits shall be offset by any amount of unemployment compensation that the claimant received.
4. ... Therefore, the claimant is entitled to receive two years of wage loss given the degree of permanent impairment.”

. We note also that appellee concedes the insufficiency of record substantiation of the rating in question under a strict reading of the controlling statute, Sec. 440.15(3)(a)(3), F.S. We decline, for many reasons, appellee’s suggestion that we generate a decision varying the statutory standards in this case.

. "Furthermore, after consideration of the medical evidence presented, I accept the testimony of Dr. Silverman to hold that the claimant suffered an impairment rating of 10.5% to the body as a whole pursuant to the Minnesota Guidelines.”